UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MIKE JAMIL,

                Plaintiff,                Civil Action No. 23-11901

v.                                              Gershwin A. Drain
                                                United States District Judge

OFFICER VEENEMA, *et al.*,          David R. Grand
                                                United States Magistrate Judge

                Defendants.
_____/

## REPORT AND RECOMMENDATION TO GRANT DEFENDANTS' MOTION FOR DISMISSAL PURSUANT TO FED. R. CIV. P. 12(b)(6) (ECF No. 21)

### I.   RECOMMENDATION

On July 18, 2023, *pro se* plaintiff Mike Jamil ("Jamil"), an incarcerated person, commenced this civil rights action in the United States District Court for the Western District of Michigan, pursuant to 42 U.S.C. § 1983, against four individuals employed by the Michigan Department of Corrections: Officer Veenema, Sergeant Reed, Officer Stolter, and Officer Corlew (collectively "Defendants"). (ECF No. 1). On August 4, 2023, this case was transferred to this Court. (*Id.*). On January 18, 2024, it was referred to the undersigned for all pretrial purposes. (ECF No. 13).

On April 19, 2024, Defendants filed a motion to dismiss, arguing that Jamil's complaint – which pleads violations of the Eighth and Fourteenth Amendments – fails to state a claim as a matter of law. (ECF No. 21). Because Jamil has failed to oppose Defendants' motion, despite having twice been ordered to do so, and for the other reasons

discussed below, the Court **RECOMMENDS** that Defendants' Motion for Dismissal Pursuant to Fed. R. Civ. P. 12(b)(6) **(ECF No. 21)** be **GRANTED**.

## II. REPORT

### A. Background

In his complaint, Jamil alleges that, on December 24, 2022, he was walking from his cell to the chow hall at the Central Michigan Correctional Facility. (ECF No. 1, PageID.4). He further alleges that the conditions outside that day were snowy and icy, and "no snow was shoveled and no salt was place[d] down on the ground …." (*Id.*). Jamil appears to allege that he slipped and fell; he yelled for help and alleges that, when staff appeared, they "did not take it serious[ly] …." (*Id.*). Not knowing that Jamil had "broken several bones," these unnamed staff members lifted him up and placed him in a wheelchair. (*Id.*). Jamil alleges that these actions "could have cause[d] more damage which lead [sic] to emergency surgery thereafter." (*Id.*).

In his complaint, Jamil alleges that Defendants, collectively, violated his Eighth Amendment rights in two ways: (1) by failing to remove the snow and/or salt the ice on the path to the chow hall; and (2) by acting with deliberate indifference to his serious medical need when they attempted to stand him on his feet and then placed him "in the sitting position of a wheel chair NOT KNOWING AT THAT TIME, [h]e had broken his hip and shoulder." (ECF No. 1, PageID.3-7) (emphasis in original). Jamil also alleges that Defendants' actions in these respects violated his Due Process and Equal Protection rights under the Fourteenth Amendment. (*Id.*).

On April 19, 2024, Defendants filed a motion to dismiss. (ECF No. 21). On April

2

22, 2024, this Court issued an Order Requiring Response, specifying that Jamil was required to file a response to Defendants' motion on or before May 16, 2024. (ECF No. 22). When Jamil had failed to do so by June 4, 2024, this Court issued an Order to Show Cause, requiring a response by June 21, 2024. (ECF No. 23). In that Order, Jamil was specifically warned that, "**Failure to file a timely and adequately respond in writing to this Order to Show Cause, or to timely file a response to Defendants' motion, may result in a recommendation that Defendants' motion be granted and/or that Jamil's claims be dismissed under Fed. R. Civ. P. 41(b)**." (*Id.* (emphasis in original)). To date, however, Jamil has neither filed a response in opposition to Defendants' motion, nor has he responded to the Court's Order to Show Cause.

### B. Analysis

Federal Rule of Civil Procedure 41 governs dismissals of actions. As to involuntary dismissals, Rule 41(b) provides:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) … operates as an adjudication on the merits.

Fed. R. Civ. P. 41(b). It is clear that, despite the somewhat permissive language of Rule 41(b), which contemplates a motion by a defendant, a federal court may *sua sponte* dismiss a case for failure to prosecute or comply with an order. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-32 (1962); *Steward v. City of Jackson*, 8 F. App'x 294, 296 (6th Cir. 2001). As the *Link* court explained, "Neither the permissive language of [Rule 41(b)] – which merely authorizes a motion by the defendant – nor its policy requires us to conclude that it

3

was the purpose of the Rule to abrogate the power of courts, acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief." *Link*, 370 U.S. at 630. "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Id.* at 629-30.

The Sixth Circuit considers four factors in reviewing the decision of a district court to dismiss a case for failure to prosecute:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005) (quoting *Knoll v. American Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999)).

With respect to the first factor, it is not clear whether Jamil's failure to respond to Defendants' motion to dismiss is due to willfulness, bad faith, or fault. However, the Court notes that there is no indication that Jamil has participated in this case in any meaningful way since the Early Mediation Conference, which took place on January 9, 2024. (ECF No. 10). Specifically, there is no indication that Jamil has engaged in discovery; he did not file a response to Defendants' dispositive motion; and he has failed to respond to the Court's June 4, 2024, Order to Show Cause, even when warned that a failure to do so could result in Defendants' motion being granted (ECF No. 23). Thus, the first[1] and third factors

---

[1] With respect to the first factor, just as in *White v. Bouchard*, No. 05-73718, 2008 WL 2216281, at *5 (E.D. Mich. May 27, 2008), "it is not clear whether plaintiff's failure to prosecute is due to

weigh in favor of dismissal. As to the second factor, Defendants are prejudiced by having this action pending against them without it being advanced to a timely conclusion due to Jamil's apparent abandonment of his claims. The Court is sympathetic to Defendants' plight, as they have been forced to expend time and resources researching and drafting their motion to dismiss, despite the fact that Jamil apparently has lost interest in his case.

Finally, the fourth factor weighs heavily in favor of dismissal, as Jamil has been given a clear warning that his failure to respond to Defendants' motion and/or this Court's Order to Show Cause could result in dismissal of his claims. As set forth above, since mediation in January 2024, Jamil has taken no apparent action to advance his case; his failure to respond to both the pending dispositive motion and the Court's Order to Show Cause is inexcusable. Given these facts, and in light of the Court's express warning to Jamil that his claims could be dismissed if he failed to act, the Court sees no utility in imposing a sanction short of dismissal. Thus, all four of the factors weigh in favor of dismissal for failure to prosecute.

Moreover, the Court notes that Defendants' cogent motion to dismiss and brief in support, to which Jamil did not respond, explain in detail why Jamil's claims fail to survive such a motion. (ECF No. 21). Broadly speaking, Jamil alleges that Defendants violated his Eighth and Fourteenth Amendment rights when they (1) failed to remove the snow and/or salt the ice on the path to the chow hall; and (2) acted with deliberate indifference

---

willfulness, bad faith or fault …." Regardless, "defendants cannot be expected to defend an action which plaintiff has apparently abandoned, not to mention the investment of time and resources expended to defend this case." *Id*.

5

to a serious medical need when they attempted to stand him on his feet and then placed him in a wheelchair, not knowing at the time that he had a broken hip and shoulder. (ECF No. 1, PageID.3-7). But, for the reasons set forth below, and in greater detail in Defendants' brief in support of their motion to dismiss, the Court finds Jamil fails to state a claim against Defendants and, thus, dismissal on the merits is also appropriate:

- Jamil's first claim is that Defendants were deliberately indifferent to his safety in violation of the Eighth Amendment when they failed to remove snow and/or salt the ice on the path to the chow hall. (ECF No. 1, PageID.5). For example, Jamil alleges that "Defendants did not immediately call the snow shovelers to clean up the snow, nor was [sic] they ordered to lay salt down on the frezzing [sic] snow that was not clear." (*Id.*). However, the law is clear that a prison's failure to remove snow, and/or put salt down on ice, does not amount to an Eighth Amendment violation. *See Lamb v. Howe*, 677 F. App'x 204, 208 (6th Cir. 2017) ("federal courts have nearly unanimously held that a slip and fall, without more, does not amount to cruel and unusual punishment") (internal quotations omitted); *see also White v. Tyszkiewicz*, 27 F. App'x 314 (6th Cir. 2001) (dismissing a prisoner's complaint alleging deliberate indifference where prisoner slipped and fell on ice); *Nali v. Mich. Dep't of Corr.*, No. 2:07-cv-255, 2009 WL 3052227, at *6 (W.D. Mich. Sept. 21, 2009) ("[W]hile an icy prison yard walkway presents the possibility for an inmate to slip and fall, it does not pose a substantial or excessive risk of serious harm."); *Chamberlain v. Nielsen*, No. 2:10-CV-10676, 2010 U.S. WL 1002666, at *3 (E.D. Mich. Mar. 18, 2010) ("[W]hile Plaintiff states that he informed three unidentified jail guards about the ripped shower mat, he has not shown that those guards acted with deliberate indifference in failing to replace the mat or take other corrective action. At best, he has shown that the guards were negligent, which fails to state a claim under §1983."). For all of these reasons, this aspect of Jamil's Eighth Amendment claim fails as a matter of law.

- Jamil's second claim is that Defendants acted with deliberate indifference to a serious medical need when they attempted to help him to his feet and then placed him in a wheelchair, not knowing at the time that he had a broken hip and shoulder. (ECF No. 1, PageID.4, 6). An Eighth Amendment deliberate indifference claim includes both objective and subjective components. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994). To satisfy the objective prong, an inmate must show "that he is incarcerated under conditions posing a substantial risk of serious harm." *Id.* at 834. Clearly, Jamil has sufficiently

alleged the existence of serious harm – in the form of a broken hip and shoulder – thus satisfying the objective prong. To satisfy the subjective component, however, the plaintiff must show that the defendant possessed a sufficiently culpable state of mind, rising above negligence or even gross negligence and being tantamount to intent to punish. *See Broyles v. Corr. Med. Servs., Inc.*, 478 F. App'x 971, 975 (6th Cir. 2012). Mere negligence will not suffice. *See id.* Here, then, where Jamil alleges in his complaint that the actions allegedly taken by Defendants – in lifting him up and placing him in a wheelchair – were taken "[n]ot knowing [he] had broken several bones, and it was impossible for [him] to walk[,]" he effectively admits that Defendants' actions were no more than negligent or grossly negligent. As set forth above, allegations of negligence fail to state a claim under § 1983. *See Chamberlain*, 2010 U.S. WL 1002666, at *3. Therefore, any claim that Defendants were deliberately indifferent when they lifted Jamil and placed him a wheelchair fails to state a plausible Eighth Amendment claim.[2] *See Farmer*, 511 U.S. at 838 ("an official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot under our cases be condemned as the infliction of punishment").

- Jamil also alleges that Defendants' conduct amounted to a "violation of the Due Process Clause of the 14 Amendment to the constitution." (*Id.*, PageID.3). However, as the Supreme Court has made clear, a plaintiff cannot assert a claim under the general protections of the Fourteenth Amendment if the right in question is expressly protected under a different constitutional amendment. *See Albright v. Oliver*, 510 U.S. 266, 273 (1994) ("[w]here a particular Amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing these claims") (internal quotations omitted). Here, Jamil's deliberate indifference claim explicitly derives from the Eighth Amendment; as such, an analysis of Jamil's medical deliberate indifference claim under Fourteenth Amendment substantive due process jurisprudence is improper, and such claim should be dismissed. *See Dodson v. Wilkinson*, 304 F. App'x 434, 438 (6th Cir. 2008) (because the Eighth Amendment supplies the explicit textual source of constitutional protection governing a prisoner's

---

[2] The Court notes that Jamil also fails to adequately assert the requisite personal involvement of any of the named defendants in any of the specific actions described in the complaint; rather, he simply asserts that "[a]ll named staff" had a part in this incident. This is insufficient, as the Sixth Circuit "has consistently held that damage claims … arising from alleged violations of constitutional rights must allege, with particularity, facts that demonstrate what *each* defendant did to violate the asserted constitutional right." *Lanman v. Hinson*, 529 F.3d 673, 684 (6th Cir. 2008) (emphasis in original).

health and safety, the plaintiff's substantive due process claim was subject to dismissal).

- Similarly, Jamil's equal protection claim fails as a matter of law. To state an equal protection claim, Jamil must show that he "has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Vill. of Willowbrook v. Olech*, 528 U.S. 563, 564 (2000). Further, "'[s]imilarly situated' is a term of art – a comparator … must be similar in 'all relevant respects.'" *Paterek v. Vill. of Armada, Mich.*, 801 F.3d 630, 650 (6th Cir. 2015) (quoting *United States v. Green*, 654 F.3d 637, 651 (6th Cir. 2011)). Here, Jamil alleges that his rights to equal protection under the Fourteenth Amendment were violated "Because of the Defendants not upholding the rules of Order to 'Get The snow Shoveled and Salt place [sic] down …" and that he "still have [sic] not had the proper complete care due to the fact that such a[n] injury create[d] a stress on my heart where I can not be equally treated as others." (ECF No. 1, PageID.6). But Jamil fails to allege any facts suggesting that he was treated differently than others, let alone that the others were similarly situated to him. Instead, Jamil's allegations of discriminatory treatment are wholly conclusory. Conclusory allegations of unconstitutional conduct without specific factual allegations fail to state a claim under § 1983. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).[3]

Thus, for all of the foregoing reasons, Defendants' motion to dismiss for failure to state a claim should be granted.[4]

## III. CONCLUSION

For the foregoing reasons, the Court **RECOMMENDS** that Defendants' Motion for

---

[3] Moreover, to the extent Jamil pleads an equal protection "class-of-one" claim, said allegations are equally conclusory and, thus, fail to state a claim.

[4] Although not properly pled, to the extent Jamil did state a claim for negligence, it would be a state law claim, not a federal claim intended for protection under § 1983. *See Radvansky v. City of Olmsted Falls*, 395 F.3d 291, 313-14 (6th Cir. 2005). Without expressing any opinion as to the merits of such a claim, given that the Court is recommending dismissal of Jamil's federal claims, it should decline to exercise supplemental jurisdiction over any state law claim Jamil is also attempting to plead. *See Moon v. Harrison Piping Supply*, 465 F.3d 719, 728 (6th Cir. 2006) ("a federal court that has dismissed a plaintiff's federal-law claims should not ordinarily reach the plaintiff's state-law claims").

Dismissal Pursuant to Fed. R. Civ. P. 12(b)(6) **(ECF No. 21)** be **GRANTED** and that Jamil's complaint **(ECF No. 1)** be **DISMISSED WITH PREJUDICE**.

Dated: July 31, 2024  s/David R. Grand
Ann Arbor, Michigan  DAVID R. GRAND
United States Magistrate Judge

## NOTICE TO THE PARTIES REGARDING OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of HHS*, 932 F.2d 505, 508 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981). The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *See Willis v. Sec'y of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Jamil v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge. A party may respond to another party's objections within 14 days after being served with a copy. *See* Fed. R. Civ. P. 72(b)(2); 28 U.S.C. §636(b)(1). Any such response should be concise, and should address specifically, and in the same order raised, each issue presented in the objections.

**CERTIFICATE OF SERVICE**

      The undersigned certifies that this document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on July 31, 2024.

                                          s/Eddrey O. Butts
                                          EDDREY O. BUTTS
                                          Case Manager